# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 794 | DATE | 5/12/2000 |
| CASE TITLE | Glen Hefferman vs. Illinois Community College, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is DENIED. The defendants' motion to strike plaintiff's response to defendants' motion to dismiss is DENIED moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 16 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAY 16 2000 | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLEN HEFFERMAN,

            Plaintiff,

v.

ILLINOIS COMMUNITY COLLEGE
DISTRICT NO. 508 (a/k/a) THE
CITY COLLEGES OF CHICAGO), DAN
DAVIS, and FERANDA WILLIAMSON,

            Defendants.

Case No. 00 C 0794

Judge Harry D. Leinenweber

DOCKETED
MAY 16 2000

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court is defendants' Illinois Community College District No. 508 ("the District"), Dan Davis ("Davis") and Feranda Williamson's ("Williamson") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Glen Hefferman ("Hefferman") brings this case alleging that the defendants violated the Fair Labor Standards Act, or "FLSA," the antidiscrimination provisions of Title VI, the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage Law, and for breach of contract and fraud.

### BACKGROUND

In ruling on a motion to dismiss, the court accepts as true all of the plaintiff's well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. Rueth v. United

States EPA, 13 F.3d 227, 229 (7th Cir. 1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Hefferman, who is white, was hired in the Spring of 1999 for the position of basketball coach and part time swimming instructor at Malcolm X College. Hefferman had experience as both a high school and college basketball coach and as a physical education instructor. Hefferman was promised $1,000 per month for his work as basketball coach. Williamson, then-Dean at Malcolm X, hired Hefferman to teach swimming lessons on Saturday afternoons for $25 an hour. Hefferman was promised a tenure-track appointment to a physical education instructor in the Fall of 1999.

Hefferman worked at Malcolm X for seven and a half months; however, he was never paid. When Hefferman complained about not getting paid, Davis, the athletic director, rebuffed him with comments such as, "I've never had this trouble with a black coach," and "I knew I shouldn't have hired a white guy." Furthermore, Davis entered false information into Hefferman's personnel file about the terms of Hefferman's employment. In late autumn of 1999, Hefferman refused to work until he was paid; Davis then promoted Dan Crosby, a black man with no experience, to head coach. Hefferman has also not been paid for the swimming instructions he provided. Finally, the District reported to the Internal Revenue

Service that Hefferman was paid $1,610, which is false as well as inconsistent with the negotiated terms of Hefferman's employment.

## DISCUSSION

In their motion to dismiss, the defendants argue that Hefferman's FLSA claim should be dismissed for lack of subject matter jurisdiction because Hefferman is not an "employee" as defined by the FLSA. The defendants further argue that Hefferman's Title VI claim should be dismissed for the following reasons: (1) he has failed to allege a "wrong" under Title VI; (2) he has failed to state a prima facie case under Title VI; (3) he cannot maintain individual actions against Davis and Williamson; (4) he is not entitled to monetary damages under Title VI; and (5) he did not include a violation of Title VI in his EEOC charge. The court addresses the defendants' arguments in turn.

## HEFFERMAN'S FLSA CLAIM

First, the defendants attack Hefferman's FLSA claim. The defendants argue that because Hefferman appended a copy of a contract entitled, "Independent Contractor" to his complaint, he is not an "employee" for purposes of the FLSA and, therefore, Count I of his Complaint should be dismissed.

According to the FLSA, an employee is "any individual employed by an employer." 29 U.S.C. § 203(e). In Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir. 1987), the Seventh Circuit held, that "[i]n seeking to determine the economic reality of the

nature of the working relationship, courts do not look to a particular isolated factor but to all the circumstances of the work activity." (citing Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)), see also, Vanskike v. Peters, 974 F.2d 806, 808 (7th Cir. 1992) ("status as an 'employee' for purposes of the FLSA depends on the totality of circumstances rather than on any technical label"). In Schultz v. Cadillac Associates, Inc., 413 F.2d 1215, 1217 (7th Cir. 1969), the Seventh Circuit held that an independent contractor "label does not necessarily take the worker from the protection of the Act." See also Dole v. Amerlink Corp., 729 F.Supp. 73, 76 (E.D. Mo. 1990) ("Merely labelling the individual as employee or independent contractor is not dispositive."). Therefore, considering that the only argument by the defendants is that Hefferman is an independent contractor based on the "Independent Contractor Invoice," the court denies the defendants' motion to dismiss as to Count I.

## HEFFERMAN'S TITLE VI CLAIM

The court notes at the outset that Count II of Hefferman's Complaint, which alleges a violation of Title VI, only includes the alleged discrimination with regards to the facts surrounding Hefferman's services as basketball coach and as to defendants the District and Davis. Therefore, the defendants' arguments and this court's ruling are limited to the coaching claim, not the swimming instructor claim and Williamson. Pl. Compl. ¶ 23, 24.

## Failure to Allege a "Wrong"

The court addresses the defendants' argument that the court should dismiss Count II of Hefferman's Complaint for failure to state a claim upon which relief can be granted. First, the defendants argue that Hefferman has failed to allege a "wrong" under Title VI because he "does not plead that he was terminated, constructively discharged or forced out based on race." Def. Mem. in Supp. of Motion to Dismiss at 4. The defendants contend that Hefferman stopped working and they had no choice but to replace him. The defendants cite no case law in support of their argument.

According to Title VI, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998), the Seventh Circuit stated that "[b]ecause racial discrimination in employment is 'a claim upon which relief can be granted' . . . 'I was turned down for a job because of my race' is all a complaint has to say." In <u>American Nurses' Assoc. v. Illinois</u>, 783 F.2d 716, 727 (7th Cir. 1986), the Seventh Circuit held that "a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."

In this case, Hefferman alleges, "Davis's and the District's replacement of Mr. Hefferman was motivated [sic.] Mr. Hefferman's race, color, or national origin and thus violates the prohibition of discrimination set out in Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d." Pl. Compl. ¶ 24. Therefore, the court denies the defendants' motion to dismiss for failure to allege a wrong.

**Failure to State a Prima Facie Case of Discrimination**

Second, the defendants argue that Hefferman has failed to allege a prima facie case of discrimination under Title VI. According to the Seventh Circuit in <u>Ahern v. Board of Education of the City of Chicago</u>, 133 F.3d 975, 978 (7th Cir. 1998), the plaintiff must allege that, for institutions receiving federal funds, "(1) providing employment is a primary objective of the federal aid, *or* (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid." (quoting <u>Trageser v. Libbie Rehabilitation Center, Inc.</u> 590 F.2d 87, 89 (4th Cir. 1978) (emphasis added).

In this case, Hefferman states in his complaint, that the District "receives federal funds, one of the primary purposes of which is the creation of employment." Pl. Coml. ¶ 14(c). The defendants argue that Hefferman must also allege that he is a member of a group that is the primary beneficiary of federal funds. Def. Mem. in Supp. of Motion to Dis. at 5. The defendants mistake

the "or" in <u>Ahern</u> for an "and." In <u>Simpson v. Reynolds Metals Co., Inc.</u>, 629 F.2d 1226, 1234 (7th Cir. 1980), the defendant argued that the plaintiff "had failed to plead specifically that the purpose of the alleged federal aid was to provide employment." The Seventh Circuit, relying on <u>Trageser</u>, stated that, "[h]ad the reason for the district court's ruling been traceable only to this allegation of pleading error, we would have difficulty affirming its dismissal of the complaint. We believe Simpson's allegation in the complaint that Reynolds received federal financial assistance was probably sufficient to apprise Reynolds of the grounds of plaintiff's claim." <u>Sampson</u> at 1234, n. 13. It is sufficient, for purposes of this motion, that Hefferman alleged that the District receives federal funds and that one of its primary purposes is the creation of employment.

**Defendant Davis in His Individual Capacity**

Next, the defendants contend that Hefferman is inappropriately seeking relief from Davis and Williamson in their individual capacities. First, the court only addresses this argument with regards to Davis, given Hefferman's limitation of the Title VI claims to Davis' involvement. Second, Hefferman explicitly states in his Complaint that his Title VI claim is "against the District." Pl. Compl. Count II.

To the extent that the allegations under Count II include Davis' involvement, Hefferman pleads that Davis was "an agent

authorized to make commitments on the District's behalf regarding the hiring, pay, and tenure of coaches and physical education instructors working at Malcolm X College." Pl. Compl. ¶ 16. Hence, the court reasonably infers that any involvement by Davis was in his official capacity. See <u>Kentucky v. Graham et al.</u>, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citing <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690, n. 55 (1978)).

## Monetary Damages under Title VI

The defendants argue that monetary damages are not available under Title VI. In support of their position, the defendants cite three overruled and/or abrogated cases. One of the cited cases, <u>Franklin v. Gwinnett County Public Schools</u>, 911 F.2d 617, 619-622 (11th Cir. 1990) was directly reversed by the Supreme Court in <u>Franklin v. Gwinnett County Public Schools</u>, 53 U.S. 60, 75 (1992). In <u>Franklin</u>, the Supreme Court specifically stated that in <u>Guardians Assn. v. Civil Service Comm'n of New York City</u>, 463 U.S. 582, 595 (1983) "a clear majority expressed the view that damages were available under Title VI in an action seeking remedies for an intentional violation, and no Justice challenged the traditional presumption in favor of a federal court's power to award appropriate relief in a cognizable cause of action." See also,

Simenson v. Hoffman, No. 95 C 1401, 1995 WL 631804, * (N.D. Ill. Oct. 24, 1995) (Citing Guardians, "Title VI, in turn, permits monetary damages in cases of intentional discrimination."). Therefore, the defendants' argument to dismiss the damages prayer under the Title VI claim is denied.

### Hefferman's EEOC Charge

In their final argument in favor of dismissal, the defendants contend that Hefferman's Title VI claim should be dismissed because it was not included in his EEOC charge. The defendants do not specify which allegations in Hefferman's Complaint were left out of his EEOC charge.

"[A] court must allow the uncharged claim if it is 'like or reasonably related' to the EEOC charges and can reasonably be expected to grow out of an EEOC investigation of the charges. A claim is 'like or reasonably related' to the EEOC charge only if there is a factual relationship between them. 'This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.'" Sickinger v. Mega Systems, Inc., 951 F.Supp. 153, 155 (N.D. Ill. 1996) (quoting Cheek v Western & Southern Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994)).

In his charge, Hefferman states that he was denied wages because he is white; that his performance was satisfactory; that Davis made remarks to Hefferman about his race; and that Dan

Crosby, a black man, was paid for his services as basketball coach. In that Hefferman's charge "affords the EEOC the opportunity to quickly settle the dispute with the employer and puts the employer on notice of the charges against it," the court denies the defendants' final argument. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992).

## CONCLUSION

Therefore, for the foregoing reasons, the defendants' motion to dismiss is DENIED. The defendants' motion to strike plaintiff's response to defendants' motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

												Harry D. Leinenweber, Judge
												United States District Court

Date: 5/12/2000